UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICK GARANT**,

    Plaintiff,

v.

Case No. 2:18-cv-12619
Hon. David M. Lawson
Magistrate Judge R. Steven Whalen

**NORFOLK SOUTHERN RAILWAY CO.**,

    Defendant.

_____/

## **PLAINTIFF'S COUNSELS' MOTION TO WITHDRAW**

COMES NOW Plaintiff's counsel, Holland Law Firm, LLC and John A. Tosto, PLC, and in accordance with Federal Rule of Civil Procedure 7 and Local Rule 7.1 move that the Court allow counsel to withdraw, and in support of their motion state as follows:

1.    Plaintiff's Complaint was filed on August 22, 2018 (Doc. No. 1).

2.    Pursuant to the Court's November 8, 2018 Case Management And Scheduling Order trial is set for February 25, 2020 (Doc. No. 15).

3.    On July 15, 2019 Defendant filed: 1) a Motion for Summary Judgment; and 2) a Motion To Exclude The Reports And Testimony of Plaintiff's "Expert" Dr. Rebecca Summary (Doc. Nos. 24 and 25).

4. The Motions were set for hearing on November 12, 2019 (Doc. No. 28).

5. Plaintiff's counsel Carl Kessinger was in trial on November 12, 2019, so the hearing has been rescheduled for December 17, 2019.

6. Pursuant to LR 83.22(b) "The Rules of Professional Conduct adopted by the Michigan Supreme Court…apply to members of the bar of this court and attorneys who practice in this court as permitted by LR 83.20."

7. Pursuant to Michigan Rule of Professional Conduct 1.16(b)(6), "[A]fter informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:…(6) other good cause for withdrawal exists."

8. Good cause exists for counsels' withdrawal.

9. By correspondence of November 5, 2019 Plaintiff's counsel Holland Law Firm notified Plaintiff that counsel would be filing a motion with the Court seeking to withdraw.

10. By correspondence of November 12, 2019 Plaintiff's counsel Holland Law Firm specifically notified Plaintiff that counsel Holland Law Firm and John A. Tosto, PLC are seeking to withdraw, and that they cannot withdraw without the Court's permission.

11. Defendant concurs with and does not oppose this Motion.

WHEREFORE Plaintiff's counsel, Holland Law Firm and John A. Tosto, PLC, pray that the Court grant their Motion to Withdraw, and for such further and additional relief as the Court deems just and proper.

        HOLLAND LAW FIRM,

        */s/ Carl Kessinger*
        Eric D. Holland (#P67772)
        Carl Kessinger
        Holland Law Firm, LLC
        300 N. Tucker, Suite 801
        St. Louis, MO 63101
        314-241-8111
        314-241-5554 – Facsimile

        And

        John A. Tosto (P56579)
        JOHN A. TOSTO, PLC
        Local Attorney for Plaintiff
        The Mott Foundation Building
        503 S. Saginaw Street, Suite 1410
        Flint, MI 48502
        (810) 244-5862
        john@jtmblaw.com
        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies a copy of the foregoing was properly forwarded to counsel of record via email ONLY on the 15th day of November 2019 to:

Erin Dougherty Foley
Kathryn S. Clark
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, IL  60604
edfoley@seyfarth.com
kclark@seyfarth.com

*AND*

William E. Altman
Rebecca Seguin-Skrabucha
The Murray Law Group, P.C.
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025

***Attorney for Defendant Norfolk Southern***


And sent via USPS First class mail to Patrick Garant

                                                  */s/ Carl Kessinger*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICK GARANT**,

    Plaintiff,

v.

                                      **Case No. 2:18-cv-12619**
                                      **Hon. David M. Lawson**
                                      **Magistrate Judge R. Steven Whalen**

**NORFOLK SOUTHERN RAILWAY CO.**,

    Defendant.

_____/

**PLAINTIFF'S COUNSELS' BRIEF IN
SUPPORT OF THEIR MOTION TO WITHDRAW**

## **<u>Statement Of The Issues Presented</u>**

1. Whether Plaintiff's counsel should be allowed to withdraw.

## **Authorities**

1.      Michigan Rule of Professional Conduct 1.16(b)(6).

## Introduction

On August 22, 2018 Plaintiff filed his Complaint (Doc. No. 1). His claim alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* (Doc. No. 1, ¶1).

The Court issued its Case Management And Scheduling Order on November 8, 2018 (Doc. No. 15). The Order notes that this case is set for trial on February 25, 2020 (Doc. No. 15).

On July 15, 2019 Defendant filed: 1) a Motion for Summary Judgment; and 2) a Motion To Exclude The Reports And Testimony of Plaintiff's "Expert" Dr. Rebecca Summary (Doc. Nos. 24 and 25). The Motions were set for hearing on November 12, 2019 (Doc. No. 28). Plaintiff's counsel Carl Kessinger was in trial on November 12, 2019, so the hearing has been rescheduled for December 17, 2019.

By correspondence of November 5, 2019 Plaintiff's counsel Holland Law Firm notified Plaintiff that counsel would be filing a motion with the Court seeking to withdraw. By correspondence of November 12, 2019 Plaintiff's counsel Holland Law Firm specifically notified Plaintiff that counsel Holland Law Firm and John A. Tosto, PLC are seeking to withdraw, and that they cannot withdraw without the Court's permission.

Defendant concurs with this Motion and does not object to it.

4

**Argument**

**I.      Plaintiff's Counsel Should Be Allowed To Withdraw.**

In accordance with LR 83.22(b) Plaintiff's counsel are subject to the Michigan Rules of Professional Conduct. Michigan Rule of Professional Conduct 1.16(b)(6) reads in pertinent part, "[A]fter informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:…(6) other good cause for withdrawal exists."

Rule 1.16(b)(6) lists two requirements that are relevant for our purposes for withdrawal. First, counsel must notify the client that withdrawal cannot be accomplished without the court's permission. Second, counsel must have good cause for withdrawal.

By correspondence of November 5, 2019 and November 12, 2019 Plaintiff's counsel notified Plaintiff that counsel would be filing a Motion to Withdraw, and that counsel cannot withdraw without the Court's permission. The first requirement has been met.

As for good cause, Plaintiff's counsel has good cause pursuant to the Michigan Rules of Professional Conduct, but is precluded from disclosing specifics details in this Motion. Plaintiff's counsel will follow the directives of this Court in

that regard including filing additional details under seal and for in camera review if desired by the Court.

## Conclusion

For the foregoing reasons Plaintiff's counsel: Holland Law Firm and John A. Tosto, PLC, have complied with the requirements set forth in the Michigan Rules of Professional Conduct, and should be allowed to withdraw as Plaintiff's counsel in this matter.

                        HOLLAND LAW FIRM,

                        */s/ Carl Kessinger*
                        Eric D. Holland (#P67772)
                        Carl Kessinger
                        Holland Law Firm, LLC
                        300 N. Tucker, Suite 801
                        St. Louis, MO 63101
                        314-241-8111
                        314-241-5554 – Facsimile

                        And

                        John A. Tosto (P56579)
                        JOHN A. TOSTO, PLC
                        Local Attorney for Plaintiff
                        The Mott Foundation Building
                        503 S. Saginaw Street, Suite 1410
                        Flint, MI 48502
                        (810) 244-5862
                        john@jtmblaw.com
                        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies a copy of the foregoing was properly forwarded to counsel of record via email ONLY on the 15th day of November 2019 to:

Erin Dougherty Foley
Kathryn S. Clark
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, IL  60604
edfoley@seyfarth.com
kclark@seyfarth.com

*AND*

William E. Altman
Rebecca Seguin-Skrabucha
The Murray Law Group, P.C.
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025

***Attorney for Defendant Norfolk Southern***


And sent via USPS First class mail to Patrick Garant

                                                            */s/ Carl Kessinger*